# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXSHANDRA BRACKENRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:18-cv-03066 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge: Ronald A. Guzman |
| SCOOBEEZ, SCOOBEEZ GLOBAL, | ) | |
| INC., JOWITA CHOMENTOWSKA, | ) | |
| TRICIA GAMBLE, SUSAN | ) | **JURY DEMANDED** |
| OHANESSIAN, and ELIZABETH MARR, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINITFF'S FIRST AMENDED COMPLAINT AT LAW

Plaintiff, Alexshandra Brackenridge, complains against Scoobeez, Scoobeez Global, Inc., Jowita Chomentowska, Tricia Gamble, Susan Ohanessian, and Elizabeth Marr (collectively referred to as "Defendants") as follows:

## NATURE OF THE CASE

1. Counts I, II, and III arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the Illinois Human Rights Act ("IHRA" or "the Act"), 775 ILCS 5/1-101 *et seq.*, and under 42 U.S.C. § 1981 of the Civil Rights Act of 1866 ("Section 1981").

2. Count IV arises under Illinois common law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, Section 1981, Title VII, and the IHRA.

4. This Court has supplemental jurisdiction over the Illinois common law claims by virtue of 28 U.S.C. § 1367.

5. Venue in the Northern District of Illinois, Eastern Division, is proper as the claims for relief arose in this judicial district as required by 28 U.S.C. § 1391(b).

6. That all conditions precedent have been fulfilled by Plaintiff, including the filing of charges of discrimination with the Illinois Department of Human Rights ("IDHR"), charge numbers 2017CF1417 and 2017CF1586, respectively. That the IDHR issued a right-to-sue letter for both charges. Right-to-sue letters are attached as Exhibit A and Exhibit B, respectively.

7. That Plaintiff also cross-filed the above-referenced charges with the Equal Employment Opportunity Commission ("EEOC"), charge numbers 21BA70544 and 21BA70686, respectively. That the EEOC also issued right-to-sue letters for both charges. Right-to-sue letters are attached as Exhibit C and Exhibit D, respectively.

## PARTIES

8. Plaintiff is a citizen and a resident of Illinois.

9. Defendant Scoobeez ("Scoobeez") is duly registered to conduct business in the State of Illinois.

10. At all times pertinent herein, Defendant Scoobeez has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

11. At all times pertinent herein, Defendant Scoobeez was Plaintiff's "employer" as defined by the IHRA and Title VII.

12. At all times pertinent herein, Plaintiff was employed by Defendant Scoobeez as an "employee" as defined by the IHRA and Title VII.

13. Defendant Scoobeez Global, Inc. ("Scoobeez Global") is duly registered to conduct business in the State of Illinois.

14. At all times pertinent herein, Defendant Scoobeez Global has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

15. At all times pertinent herein, Defendant Scoobeez Global was Plaintiff's "employer" as defined by the IHRA and Title VII.

16. At all times pertinent herein, Plaintiff was employed by Defendant Scoobeez as an "employee" as defined by the IHRA and Title VII.

17. That Scoobeez Global is the parent company to Defendant Scoobeez.

18. Defendant Susan Ohanessian ("Ohanessian") was employed by Scoobeez and Scoobeez Global as a supervisor. She is being sued in her individual capacity.

19. Defendant Jowita Chomentowska ("Chomentowska") was employed by Scoobeez and Scoobeez Global as a Global Leadership Director. She is being sued in her individual capacity.

20. Defendant Tricia Gamble ("Gamble") was employed by Scoobeez and Scoobeez Global as a Human Resources ("HR") Manager. She is being sued in her individual capacity.

21. Defendant Elizabeth Marr ("Marr") was employed by Scoobeez and Scoobeez Global as a Logistics Scheduler. She is being sued in her individual capacity.

## COUNT I
## RACIAL HARASSMENT DIRECTED AT ALL DEFENDANTS

22. Plaintiff incorporates the preceding paragraphs herein.

23. That Plaintiff's race is African-American.

24. That Defendants' treatment of Plaintiff violated her rights to be free from harassment on the basis of her race pursuant to Title VII, the IHRA, and Section 1981.

25. That Plaintiff was hired by Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in the Chicago office.

26. That throughout her employment with Defendants, Plaintiff performed up to and exceeded Defendants' legitimate expectations.

27. That at all relevant times during Plaintiff's employment with Scoobeez and Scoobeez Global, she was supervised by Chomentowska, Gamble, and Ohanessian.

28. That upon her hire, Plaintiff was told to report all complaints and instances of harassment to Chomentowska or Gamble.

29. That upon her hire, Plaintiff was informed by Chomentowska, Gamble, and Ohanessian that all employees in Scoobeez's and Scoobeez Global's Chicago office, including schedulers and administrative assistants, were to report to Plaintiff.

30. That on approximately October 31, 2016, Plaintiff directed Marr to interview a potential candidate for a scheduler position.

31. That instead of interviewing the potential candidate, Marr lied about having a task to complete and subsequently informed Plaintiff that she did not have time to interview the potential candidate.

32. That Plaintiff was aware that Marr's alleged task had already been completed and again requested that Marr interview the potential candidate.

33. That Plaintiff then escorted the potential candidate to Marr's desk and informed him that Marr would be conducting the interview.

34. That after Plaintiff returned to her office, Plaintiff received a call from Chomentowska telling her to allow Marr to find her own scheduler.

35. That on this phone call, Plaintiff reminded Chomentowska that it was Plaintiff's responsibility to hire staff for the office.

36. That Chomentowska again told Plaintiff to give Marr control over hiring for the scheduler position.

37. That a few minutes after escorting the potential candidate to Marr, the candidate approached Plaintiff and informed her that Marr refused to interview him.

38. That Plaintiff then approached Marr to try to resolve the issue and asked Marr if there was a problem.

39. That Marr ignored Plaintiff.

40. That as Plaintiff walked away, Marr stated, "Fuck you. You black nigger bitch."

41. That upon hearing the above statement, Plaintiff asked Marr, "What did you say?"

42. That Marr did not respond.

43. That after Marr made the unlawful and unwanted statement against Plaintiff, Plaintiff immediately contacted Gamble.

44. That Plaintiff spoke to her at length about Marr's racially harassing comment.

45. That Gamble told Plaintiff she would look into the incident.

46. That Gamble did not contact Plaintiff regarding the investigation into Marr's racially harassing comment.

47. That in early November 2016, Plaintiff emailed Gamble, Chomentowska, and Ohannessian, informing them of Marr's racially harassing comments towards Plaintiff and other employees.

48. That to the best of Plaintiff's knowledge and belief, no investigation into Marr's racially harassing behavior occurred.

49. That throughout Plaintiff's employment with Defendants, Plaintiff heard Marr state, "if these people can't do their jobs, these people shouldn't be working here" in reference to the drivers, who are predominantly African-American.

50. That on approximately November 6, 2016, Plaintiff met with Marr, Ohannessian, Chomentowska, Nick Wagner, Desiree Delosa, Miriam Flores, and Nafia Tader, to discuss the on-going harassment issues within the office.

51. That during this meeting, Plaintiff again complained of Marr's harassing behavior.

52. That Chomentowska, Gamble, and Ohannessian took no action to address these complaints.

53. That Asad Baban ("Baban") referred to Plaintiff as "too strong" for the company.

54. That Plaintiff interpreted the "too strong" statement to be a racial comment stereotyping African-Americans.

55. That Plaintiff found the racial harassment offensive.

56. That the racially offensive conduct created a hostile and intimidating work environment for Plaintiff and it adversely affected the ability of Plaintiff to do her job.

57. That said continuous and persistent racial harassment adversely affected the terms and conditions of Plaintiff's employment with Defendants.

58. That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which was manifested in physical illness and emotional stress on the relationship between Plaintiff, her friends, family, and colleagues.

59. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alexshandra Brackenridge, hereby respectfully requests this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.
b. Order a permanent injunction prohibiting Defendants from further acts of racial harassment.
c. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
d. Award Plaintiff a judgment against Defendants in an amount in excess of $50,000, including an award of lost employment benefits, reinstatement, mental anguish, punitive damages, and other compensatory damages.
e. Award Plaintiff pre-judgment interests.
f. Enter an order requiring Defendants to implement effective steps to eliminate racial harassment from Defendants' organizations.
g. Award Plaintiff a judgment against Defendants for all available damages permitted by law.
h. Grant such other and further relief as this Honorable Court deems just and proper.

## **COUNT II**
## **RACE DISCRIMINATION DIRECTED AT ALL DEFENDANTS**

60. Plaintiff incorporates the preceding paragraphs herein.

61. That Plaintiff's race is African-American.

62. That Defendants' treatment of Plaintiff violated her rights to be free from discrimination on the basis of her race pursuant to Title VII, the IHRA, and Section 1981.

63. That Plaintiff was hired by Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in the Chicago office.

64. That throughout her employment with Defendants, Plaintiff performed up to and exceeded Defendants' legitimate expectations.

65. That at all relevant times during Plaintiff's employment with Scoobeez and Scoobeez Global, she was supervised by Chomentowska, Gamble, and Ohannessian.

66. That upon her hire, Plaintiff was told to report all complaints and instances of harassment to Chomentowska or Gamble.

67. That upon her hire, Plaintiff was informed by Chomentowska, Gamble, and Ohanessian that all employees in Scoobeez's and Scoobeez Global's Chicago office, including schedulers and administrative assistants, were to report to Plaintiff.

68. That on approximately October 31, 2016, Plaintiff directed Marr to interview a potential candidate for a scheduler position.

69. That instead of interviewing the potential candidate, Marr lied about having a task to complete and subsequently informed Plaintiff that she did not have time to interview the potential candidate.

70. That Plaintiff was aware that Marr's alleged task had already been completed and again requested that Marr interview the potential candidate.

71. That Plaintiff then escorted the potential candidate to Marr's desk and informed him that Marr would be conducting the interview.

72. That after Plaintiff returned to her office, Plaintiff received a call from Chomentowska telling her to allow Marr to find her own scheduler.

73. That on this phone call, Plaintiff reminded Chomentowska that it was Plaintiff's responsibility to hire staff for the office.

74. That Chomentowska again told Plaintiff to give Marr control over hiring for the scheduler position.

75. That a few minutes after escorting the potential candidate to Marr, the candidate approached Plaintiff and informed her that Marr refused to interview him.

76. That Plaintiff then approached Marr to try to resolve the issue and asked Marr if there was a problem.

77. That Marr ignored Plaintiff.

78. That as Plaintiff walked away, Marr stated, "Fuck you. You black nigger bitch."

79. That upon hearing the above statement, Plaintiff asked Marr, "What did you say?"

80. That Marr did not respond.

81. That after Marr made the unlawful and unwanted statement against Plaintiff, Plaintiff immediately contacted Gamble.

82. That Plaintiff spoke to her at length about Marr's racially harassing comment.

83. That Gamble told Plaintiff she would look into the incident.

84. That Gamble did not contact Plaintiff regarding the investigation into Marr's racially harassing comment.

85. That in early November 2016, Plaintiff emailed Gamble, Chomentowska, and Ohannessian, informing them of Marr's racially harassing comments towards Plaintiff and other employees.

86. That to the best of Plaintiff's knowledge and belief, no investigation into Marr's racially harassing comment occurred.

87. That throughout Plaintiff's employment with Defendants, Plaintiff heard Marr state, "if these people can't do their jobs, these people shouldn't be working here" in reference to the drivers, who are predominantly African-American.

88. That on approximately November 6, 2016, Plaintiff met with Marr, Ohannessian, Chomentowska, Nick Wagner, Desiree Delosa, Flores, and Nafia Tader, to discuss the on-going harassment issues within the office.

89. That during this meeting, Plaintiff again complained of Marr's harassing behavior.

90. That Chomentowska, Gamble, and Ohannessian took no action to address these complaints.

91. That Plaintiff's complaints to Chomentowska, Gamble, and Ohannessian constituted her opposition to unlawful racial harassment.

92. That Baban referred to Plaintiff as "too strong" for the company.

93. That Plaintiff interpreted the "too strong" statement to be a racial comment stereotyping African-Americans.

94. That on approximately November 8, 2016, Plaintiff was terminated in a meeting with Chomentowska, Ohanessian, and Gamble.

95. That similarly situated non-African American employees, such as Miriam Flores, Desiree Delosa, Marr, Nick Wagner, Clint Roper, were not subjected to crude and offensive racial harassment.

96. That similarly situated non-African American employees, such as Miriam Flores, Desiree Delosa, Marr, Nick Wagner, Clint Roper, were not terminated as a result of making verbal complaints in opposition to unlawful racial harassment.

97. That Defendants Scoobeez and Scoobeez Global condoned race discrimination and failed to maintain a discrimination-free work environment by failing to provide adequate training, counseling, discipline, anti-discrimination policies and instructions to its employees and officers.

98. That the race discrimination to which Plaintiff was subjected to was severe, persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff, and substantially interfered with Plaintiff's ability to perform her job.

99. That said severe, continuous, and persistent discrimination adversely affected the terms and conditions of Plaintiff's employment.

100. That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from race-based harassment and discrimination, and great humiliation which was manifested in physical illness and emotional stress on the relationships between Plaintiff and her friends, family, and colleagues.

101. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, shameful embarrassment among her friends, colleagues, and coworkers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexshandra Brackenridge, hereby respectfully requests this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.
b. Order a permanent injunction prohibiting Defendants from further acts of race discrimination.
c. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
d. Award Plaintiff a judgment against Defendants in an amount in excess of $50,000, including an award of lost employment benefits, reinstatement, mental anguish, punitive damages, and other compensatory damages.
e. Award Plaintiff pre-judgment interests.
f. Enter an order requiring Defendants to implement effective steps to eliminate race discrimination from Defendants' organizations.
g. Award Plaintiff a judgment against Defendants for all available damages permitted by law.
h. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III
## RETALIATION DIRECTED AT ALL DEFENDANTS

102. Plaintiff incorporates the preceding paragraphs herein.

103. That Defendants retaliated against Plaintiff, in violation of Plaintiff's rights pursuant to Title VII, the IHRA, and Section 1981.

104. That Plaintiff began her employment with Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in their Chicago office.

105. That throughout her employment with Defendants beginning in or about September 8, 2016, Plaintiff performed her assigned duties in a satisfactory manner, consistent with Defendants' standards, and her job performance met Defendants' legitimate expectations.

106. That at all relevant times during Plaintiff's employment with Defendants, she was supervised by Chomentowska, Gamble, and Ohannessian.

107. That on October 25, 2016, a former employee of Defendants, Khanaya Jackson ("Jackson"), physically attacked Plaintiff.

108. That Plaintiff was physically attacked because she terminated Jackson.

109. That during the aforementioned incident, the police were called but no arrests were made.

110. That after the aforementioned incident, Plaintiff called Chomentowska to inform her of the altercation.

111. That Chomentowska stated, "I wish I could have seen that fight."

112. That Plaintiff drafted an incident report of the altercation to submit to Chomentowska and Gamble.

113. That to Plaintiff's knowledge and belief, nothing else was said or done about the aforementioned incident.

114. That on approximately October 31, 2016, Plaintiff was subjected to unlawful and unwelcome racial harassment by Defendants' employee, Elizabeth Marr.

115. That on approximately October 31, 2016, Marr stated to Plaintiff, "Fuck you, you black nigger bitch."

116. That Plaintiff verbally complained about this racially offensive comment to Gamble at length.

117. That Gamble stated to Plaintiff she would investigate Marr's racially harassing comment.

118. That Gamble never followed up with Plaintiff.

119. That Plaintiff also sent an email to Gamble, Chomentowska, and Ohannessian, informing them of Marr's racially harassing conduct.

120. That on approximately November 6, 2016, Plaintiff met with Marr, Ohannessian, Chomentowska, Nick Wagner, Desiree Delosa, Flores, and Nafia Tader, to discuss the on-going harassment issues within the office.

121. That during this meeting, Plaintiff again complained of Marr's harassing behavior.

122. That to Plaintiff's knowledge and belief, no investigation into Marr's racially offensive comment occurred.

123. That Plaintiff's complaint constituted her opposition to unlawful racial harassment.

124. That on approximately November 8, 2016, Plaintiff was terminated in a meeting with Chomentowksa, Ohanessian, and Gamble.

125. That Plaintiff was terminated for allegedly creating a "hostile work environment" based on complaints from the staff.

126. That Plaintiff inferred the staff "complaints" were in reference to the October 25, 2016 incident when she was attacked for terminating a former employee of Defendants.

127. That other similarly situated employees who did not make a complaint were not terminated.

128. That Defendants' retaliatory act of termination and Plaintiff's vocal opposition to the racial harassment occurred within such a short period of time so as to raise a strong inference of retaliatory motive.

129. That Defendants' treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's protected rights under Title VII, the IHRA, and Section 1981.

130. That Defendants' conduct amounts to retaliation in violation of Title VII, the IHRA, and Section 1981.

14

131. That as a direct and proximate result of said acts of retaliation, Plaintiff has suffered depression, extreme mental anguish, severe anxiety about her future and ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexshandra Brackenridge, hereby respectfully requests this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.
b. Order a permanent injunction prohibiting Defendants from further acts of retaliation.
c. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
d. Award Plaintiff a judgment against Defendants in an amount in excess of $50,000, including an award of lost employment benefits, reinstatement, mental anguish, punitive damages, and other compensatory damages.
e. Award Plaintiff pre-judgment interests.
f. Enter an order requiring Defendants to implement effective steps to eliminate retaliation from Defendants' organizations.

g. Award Plaintiff a judgment against Defendants for all available damages permitted by law.
h. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV – ASSAULT AND BATTERY
## DIRECTED AT DEFENDANTS SCOOBEEZ AND SCOOBEEZ GLOBAL

132. Plaintiff incorporates the preceding paragraphs herein.

133. That while acting within the scope of her employment with Defendants, Jackson subjected Plaintiff to assault and battery.

134. That Jackson intended to engage in offensive and physical contacts with Plaintiff's body.

135. That on October 25, 2016, Plaintiff was directed to terminate Jackson for using Defendants' company van for personal use.

136. That Plaintiff contacted Jackson to come into the office and sign some paperwork.

137. That Jackson met with Plaintiff and Miriam Flores ("Flores"), Administrative Assistant, in their shared office.

138. That Flores began the termination process while Plaintiff stepped out of the office to start the group orientation she was scheduled to present.

139. That as soon as Plaintiff stepped out, Flores ran out of the office to tell her that Jackson was very angry and acting in a hostile manner.

140. That Plaintiff then went back in to the office and asked Jackson about using Defendants' company van for personal use.

141. That Jackson, instead, became angrier and denied using Defendants' company van for personal use.

142. That Jackson began yelling at Plaintiff.

143. That Jackson then spit on Plaintiff and threw the paperwork and computer off Flores' desk.

144. That Jackson then launched at Plaintiff.

145. That Plaintiff was able to grab Jackson and pin her against the wall.

146. That as the altercation was happening, Plaintiff asked Defendants' employees for help and to call the police.

147. That Defendants' employees did not intervene. However, one of the group orientation attendees stepped in and broke up the fight.

148. That Plaintiff was then able to lock Jackson in her shared office with Flores and told her she would remain in the office until police arrived.

149. That after the police arrived, a police report was made but there were no arrests.

150. That after the aforementioned incident, Plaintiff called Chomentowska to inform her of the altercation.

151. That in response, Chomentowska stated, "I wish I could have seen that fight."

152. That Plaintiff drafted an incident report of the altercation to submit to Chomentowska and Gamble.

153. That to Plaintiff's knowledge and belief, nothing else was said or done about the aforementioned incident.

154. That Defendants failed to exercise reasonable care in the retention and supervision of its employees that resulted in Plaintiff being subjected to assault and battery as a result of one of its employees' behavior and conduct.

155. That Plaintiff had a reasonable apprehension that Jackson would make imminent harmful or offensive contact.

156. That each of the aforementioned actions by Jackson was intentional and resulted in contact that was unwelcome and offensive.

157. That as a direct and proximate result of said acts, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about her future and ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

158. That as a further direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alexshandra Brackenridge, hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.
b. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
c. Award Plaintiff a judgment against Defendants in an amount in excess of $50,000, including an award of lost employment benefits, reinstatement, mental anguish, punitive damages, and other compensatory damages.
d. Award Plaintiff pre-judgment interest.
e. Enter an order requiring Defendants to implement effective steps to eliminate racial harassment and retaliation from Defendants' organizations.
f. Award Plaintiff a judgment against Defendants for all available damages permitted by law.
g. Grant such other and further relief as this Honorable Court deems just and proper.

                                                Respectfully submitted,
                                                Alexshandra Brackenridge


                                    By:    /s/ Adrian Jonak
                                                      One of Her Attorneys

Uche O. Asonye – 6209522
Adrian Jonak - 6324128
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
(312) 795-9110
uasonye@aa-law.com
ajonak@aa-law.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 14, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and served a copy of the foregoing document via electronic mail in accordance with Local Rule 5.9 to:

    Michael V. Furlong
    Craig R. Annunziata
    Fisher & Phillips, LLP
    10 South Wacker Drive, Suite 3450
    Chicago, IL 60606

                                                      /s/ Adrian Jonak
                                                       Attorney for Plaintiff

Uche O. Asonye – 6209522
Adrian Jonak – 6324128
Asonye & Associates
100 North LaSalle, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uasonye@aa-law.com
ajonak@aa-law.com