# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALEXSHANDRA BRACKENRIDGE, | |
| Plaintiff, | |
| v. | Case No. 18-CV-3066 |
| SCOOBEEZ, SCOOBEEZ GLOBAL, INC., JOWITA CHOMENTOWSKA, TRICIA GAMBLE, SUSAN OHANSESSIAN, and ELIZABETH MARR | Honorable Judge Ronald A. Guzman Magistrate Judge Sheila M. Finnegan |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Scoobeez, Scoobeez Global, Inc., Jowita Chomentowska, Tricia Gamble, Susan Ohanessian, and Elizabeth Marr (collectively, "Defendants") by and through their undersigned attorneys, and for their Answer to Plaintiff's First Amended Complaint, state as follows:

### NATURE OF THE CASE

1.      Counts I, II, and III arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the Illinois Human Rights Act ("IHRA" or "the Act"), 775 ILCS 5/1-101 *et seq.*, and under 42 U.S.C. § 1981 of the Civil Rights Act of 1866 ("Section 1981").

**ANSWER:**     Defendants admit only Plaintiff brings Counts I, II and III under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the Illinois Human Rights Act ("IHRA" or "the Act"), 775 ILCS 5/1-101 *et seq.*, and under 42 U.S.C. § 1981 of the Civil Rights Act of 1866 ("Section 1981"). Defendants deny that they engaged in any unlawful conduct with respect to Plaintiff's employment, and deny Plaintiff is entitled to any relief whatsoever.

2.      Count IV arises under Illinois common law.

**ANSWER:**      Defendants admit only that Plaintiff brings Count IV under Illinois common law. Defendants deny that they engaged in any unlawful conduct with respect to Plaintiff's employment, and deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, Section 1981, Title VII, and the IHRA.

**ANSWER:**      Defendants admit the allegations contained in Paragraph 3.

4.      This Court has supplemental jurisdiction over the Illinois common law claims by virtue of 28 U.S.C. § 1367.

**ANSWER:**      Defendants admit the allegations contained in Paragraph 4.

5.      Venue in the Northern District of Illinois, Eastern Division, is proper as the claims for relief arose in this judicial district as required by 28 U.S.C. § 1391(b).

**ANSWER:**      Defendants admit the allegations contained in Paragraph 5.

6.      That all conditions precedent have been fulfilled by Plaintiff, including the filing of charges of discrimination with the Illinois Department of Human Rights ("IDHR"), charge numbers 2017CF1417 and 2017CF1586, respectively. That the IDHR issued a right-to-sue letter for both charges. Right-to-sue letters are attached as Exhibit A and Exhibit B, respectively.

**ANSWER:**      Defendants admit only that Plaintiff previously filed Charges of Discrimination with the Illinois Department of Human Rights, and that Plaintiff attached said Charges of Discrimination to her Complaint. Defendants deny the remaining allegations contained in Paragraph 6.

FPDOCS 34395297.1

7.     That Plaintiff also cross-filed the above-referenced charges with the Equal Employment Opportunity Commission ("EEOC"), charge numbers 21BA70544 and 21BA70686, respectively. That the EEOC also issued right-to-sue letters for both charges. Right-to-sue letters are attached as Exhibit C and Exhibit D, respectively.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 7.

## PARTIES

8.     Plaintiff is a citizen and a resident of Illinois.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and therefore deny same.

9.     Defendant Scoobeez ("Scoobeez") is duly registered to conduct business in the State of Illinois.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 9.

10.     At all times pertinent herein, Defendant Scoobeez has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER:**     Defendants admit the allegations contained in Paragraph.

11.     At all times pertinent herein, Defendant Scoobeez was Plaintiff's "employer" as defined by the IHRA and Title VII.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 11.

12.     At all times pertinent herein, Plaintiff was employed by Defendant Scoobeez as an "employee" as defined by the IHRA and Title VII.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 12.

3

13.     Defendant Scoobeez Global, Inc. ("Scoobeez Global") is duly registered to conduct business in the State of Illinois.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 13.

14.     At all times pertinent herein, Defendant Scoobeez Global has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER:**      Defendants admit the allegations contained in Paragraph 14.

15.     At all times pertinent herein, Defendant Scoobeez Global was Plaintiff's "employer" as defined by the IHRA and Title VII.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 15.

16.     At all times pertinent herein, Plaintiff was employed by Defendant Scoobeez as an "employee" as defined by the IHRA and Title VII.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 16.

17.     That Scoobeez Global is the parent company to Defendant Scoobeez.

**ANSWER:**     Defendants admit only that Scoobeez is a majority-owned subsidiary of Scoobeez Global, Inc.

18.     Defendant Susan "Ohanessian ("Ohanessian") was employed by Scoobeez and Scoobeez Global as a supervisor. She is being sued in her individual capacity.

**ANSWER:**     Defendants deny Susan Ohanessian was employed by Scoobeez and Scoobeez Global as a supervisor. Defendants admit Susan Ohanessian is being sued in her individual capacity.

19.     Defendant Jowita Chomentowska ("Chomentowska") was employed by Scoobeez and Scoobeez Global as a Global Leadership Director. She is being sued in her individual capacity.

**ANSWER:** Defendants deny Jowita Chomentowska was employed by Scoobeez and Scoobeez Global as Global Leadership Director. Defendants admit Jowita Chomentowska is being sued in her individual capacity.

20. Defendant Tricia Gamble ("Gamble") was employed by Scoobeez and Scoobeez Global as a Human Resources ("HR") Manager. She is being sued in her individual capacity.

**ANSWER:** Defendants deny Tricia Gamble was employed by Scoobeez and Scoobeez Global as Human Resources Manager. Defendants admit Tricia Gamble is being sued in her individual capacity.

21. Defendant Elizabeth Marr ("Marr") was employed by Scoobeez and Scoobeez Global as a Logistics Scheduler. She is being sued in her individual capacity.

**ANSWER:** Defendants deny Elizabeth Marr was employed by Scoobeez and Scoobeez Global as a Logistics Scheduler. Defendants admit Elizabeth Marr is being sued in her individual capacity.

## COUNT I
## RACIAL HARASSMENT DIRECTED AT ALL DEFENDANTS

22. Plaintiff incorporates the preceding paragraphs herein.

**ANSWER:** Defendants repeat and incorporate their answers to Paragraphs 1-21 of the Complaint as if fully set forth herein.

23. That Plaintiff's race is African-American.

**ANSWER:** Defendants admit the allegations contained in Paragraph 23.

24. That Defendants' treatment of Plaintiff violated her rights to be free from harassment on the basis of her race pursuant to Title VII, the IHRA, and Section 1981.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

25. That Plaintiff was hired by Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in the Chicago office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 25.

26.     That throughout her employment with Defendants, Plaintiff performed up to and exceeded Defendants' legitimate expectations.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 26.

27.     That at all relevant times during Plaintiff's employment with Scoobeez and Scoobeez Global, she was supervised by Chomentowska, Gamble, and "Ohanessian.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 27.

28.     That upon her hire, Plaintiff was told to report all complaints and instances of harassment to Chomentowska or Gamble.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 28.

29.     That upon her hire, Plaintiff was informed by Chomentowska, Gamble, and "Ohanessian that all employees in Scoobeez's and Scoobeez Global's Chicago office, including schedulers and administrative assistants, were to report to Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 29.

30.     That on approximately October 31, 2016, Plaintiff directed Marr to interview a potential candidate for a scheduler position.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 30.

31.     That instead of interviewing the potential candidate, Marr lied about having a task to complete and subsequently informed Plaintiff that she did not have time to interview the potential candidate.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 31.

32.     That Plaintiff was aware that Marr's alleged task had already been completed and again requested that Marr interview the potential candidate.

FPDOCS 34395297.1

**ANSWER:**     Defendants deny the allegations contained in Paragraph 32.

33.     That Plaintiff then escorted the potential candidate to Marr's desk and informed him that Marr would be conducting the interview.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 33.

34.     That after Plaintiff returned to her office, Plaintiff received a call from Chomentowska telling her to allow Marr to find her own scheduler.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 34.

35.     That on this phone call, Plaintiff reminded Chomentowska that it was Plaintiff's responsibility to hire staff for the office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 35.

36.     That Chomentowska again told Plaintiff to give Marr control over hiring for the scheduler position.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 36.

37.     That a few minutes after escorting the potential candidate to Marr, the candidate approached Plaintiff and informed her that Marr refused to interview him.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 37.

38.     That Plaintiff then approached Marr to try to resolve the issue and asked Marr if there was a problem.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 38.

39.     That Marr ignored Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 39.

40.     That as Plaintiff walked away, Marr stated, "Fuck you. You black nigger bitch.".

**ANSWER:**     Defendants deny the allegations contained in Paragraph 40.

FPDOCS 34395297.1

41. That upon hearing the above statement, Plaintiff asked Marr, "What did you say?".

**ANSWER:** Defendants deny the allegations contained in Paragraph 41.

42. That Marr did not respond.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

43. That after Marr made the unlawful and unwanted statement against Plaintiff, Plaintiff immediately contacted Gamble.

**ANSWER:** Defendants deny the allegations contained in Paragraph 43.

44. That Plaintiff spoke to her at length about Marr's racially harassing comment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44.

45. That Gamble told Plaintiff she would look into the incident.

**ANSWER:** Defendants deny the allegations contained in Paragraph 45.

46. That Gamble did not contact Plaintiff regarding the investigation into Marr's racially harassing comment.

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 46.

47. That in early November 2016, Plaintiff emailed Gamble, Chomentowska, and Ohanessian, informing them of Marr's racially harassing comments towards Plaintiff and other employees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 47.

48. That to the best of Plaintiff's knowledge and belief, no investigation into Marr's racially harassing comment occurred.

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 48.

FPDOCS 34395297.1

49.     That throughout Plaintiff's employment with Defendants, Plaintiff heard Marr state, "if these people can't do their jobs, these people shouldn't be working here" in reference to the drivers, who are predominantly African-American.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 49.

50.     That on approximately November 6, 2016, Plaintiff met with Marr, Ohanessian, Chomentowska, Nick Wagner, Desiree Delosa, Miriam Flores, and Nafia Tader, to discuss the on-going harassment issues within the office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 50.

51.     That during this meeting, Plaintiff again complained of Marr's harassing behavior.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 51.

52.     That Chomentowska, Gamble and Ohanessian took no action to address these complaints.

**ANSWER:**     Defendants deny Plaintiff made a complaint regarding a harassing comment or behavior and therefore deny the allegations contained in Paragraph 52.

53.     That Asad Baban referred to Plaintiff as "too strong" for the company.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 53.

54.     That Plaintiff interpreted the "too strong" statement to be a racial comment stereotyping African-Americans.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 and therefore deny same.

55.     That Plaintiff found the racial harassment offensive.

**ANSWER:**     Defendants state that Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information

9

sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and therefore deny same.

56.     That the racially offensive conduct created a hostile and intimidating work environment for Plaintiff and it adversely affected the ability of Plaintiff to do her job.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 56.

57.     That said continuous and persistent racial harassment adversely affected the terms and conditions of Plaintiff's employment with Defendants.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 57.

58.     That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which was manifested in physical illness and emotional stress on the relationship between Plaintiff, her friends, family, and colleagues.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 58.

59.     That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 59.

<u>**COUNT II**</u>
<u>**RACE DISCRIMINATION DIRECTED AT ALL DEFENDANTS**</u>

60.     Plaintiff incorporates the preceding paragraphs herein.

**ANSWER:**     Defendants repeat and incorporate their answers to Paragraphs 1-59 of the Complaint as if fully set forth herein.

FPDOCS 34395297.1

61.     That Plaintiff's race is African-American.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 61.

62.     That Defendants' treatment of Plaintiff violated her rights to be free from harassment on the basis of her race pursuant to Title VII, the IHRA, and Section 1981.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 62.

63.     That Plaintiff was hired by Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in the Chicago office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 63.

64.     That throughout her employment with Defendants, Plaintiff performed up to and exceeded Defendants' legitimate expectations.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 64.

65.     That at all relevant times during Plaintiff's employment with Scoobeez and Scoobeez Global, she was supervised by Chomentowska, Gamble, and Ohanessian.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 65.

66.     That upon her hire, Plaintiff was told to report all complaints and instances of harassment to Chomentowska or Gamble.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 66.

67.     That upon her hire, Plaintiff was informed by Chomentowska, Gamble, and "Ohanessian that all employees in Scoobeez's and Scoobeez Global's Chicago office, including schedulers and administrative assistants, were to report to Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 67.

68.     That on approximately October 31, 2016, Plaintiff directed Marr, to interview a potential candidate for a scheduler position.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 68.

69.     That instead of interviewing the potential candidate, Marr lied about having a task to complete and subsequently informed Plaintiff that she did not have time to interview the potential candidate.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 69.

70.     That Plaintiff was aware that Marr's alleged task had already been completed and again requested that Marr interview the potential candidate.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 70.

71.     That Plaintiff then escorted the potential candidate to Marr's desk and informed him that Marr would be conducting the interview.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 71.

72.     That after Plaintiff returned to her office, Plaintiff received a call from Chomentowska telling her to allow Marr to find her own scheduler.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 72.

73.     That on this phone call, Plaintiff reminded Chomentowska that it was Plaintiff's responsibility to hire staff for the office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 73.

74.     That Chomentowska again told Plaintiff to give Marr control over hiring for the scheduler position.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 74.

75.     That a few minutes after escorting the potential candidate to Marr, the candidate approached Plaintiff and informed her that Marr refused to interview him.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 75.

FPDOCS 34395297.1

76. That Plaintiff then approached Marr to try to resolve the issue and asked Marr if there was a problem.

**ANSWER:** Defendants deny the allegations contained in Paragraph 76.

77. That Marr ignored Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 77.

78. That as Plaintiff walked away, Marr stated, "Fuck you. You black nigger bitch."

**ANSWER:** Defendants deny the allegations contained in Paragraph 78.

79. That upon hearing the above statement, Plaintiff asked Marr, "What did you say?"

**ANSWER:** Defendants deny the allegations contained in Paragraph 79.

80. That Marr did not respond.

**ANSWER:** Defendants deny the allegations contained in Paragraph 80.

81. That after Marr made the unlawful and unwanted statement against Plaintiff, Plaintiff immediately contacted Gamble.

**ANSWER:** Defendants deny the allegations contained in Paragraph 81.

82. That Plaintiff spoke to her at length about Marr's racially harassing comment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 82.

83. That Gamble told Plaintiff she would look into the incident.

**ANSWER:** Defendants deny the allegations contained in Paragraph 83.

84. That Gamble did not contact Plaintiff regarding the investigation into Marr's racially harassing comment.

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 84.

FPDOCS 34395297.1

85.     That in early November 2016, Plaintiff emailed Gamble, Chomentowska, and Ohanessian, informing them of Marr's racially harassing comments towards Plaintiff and other employees.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 85.

86.     That to the best of Plaintiff's knowledge and belief, no investigation into Marr's racially harassing comment occurred.

**ANSWER:**     Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 86.

87.     That throughout Plaintiff's employment with Defendants, Plaintiff heard Marr state, "if these people can't do their jobs, these people shouldn't be working here" in reference to the drivers, who are predominantly African-American.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 87.

88.     That on approximately November 6, 2016, Plaintiff met with Marr, Ohanessian, Chomentowska, Nick Wagner, Desiree Delosa, Miriam Flores, and Nafia Tader, to discuss the on-going harassment issues within the office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 88.

89.     That during this meeting, Plaintiff again complained of Marr's harassing behavior.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 89.

90.     That Chomentowska, Gamble and Ohanessian took no action to address these complaints.

**ANSWER:**     Defendants deny Plaintiff made a complaint regarding a harassing comment or behavior and therefore deny the allegations contained in Paragraph 90.

91.     That Plaintiff's complaints to Chomentowska, Gamble, and Ohanessian constituted her opposition to unlawful racial harassment.

**ANSWER:**     Defendants deny Plaintiff made a complaint regarding a harassing comment or behavior and therefore deny the allegations contained in Paragraph 91.

92.     That Baban referred to Plaintiff as "too strong" for the company.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 92.

93.     That Plaintiff interpreted the "too strong" statement to be a racial comment stereotyping African-Americans.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint and therefore deny same.

94.     That on approximately November 8, 2016, Plaintiff was terminated in a meeting with Chomentowska, Ohanessian, and Gamble.

**ANSWER:**      Defendants admit the allegations contained in Paragraph 94.

95.     That similarly situated non-African American employees, such as Miriam Flores, Desiree Delosa, Marr, Nick Wagner, Clint Roper, were not subjected to crude and offensive racial harassment.

**ANSWER:**     Defendants admit only that Miriam Flores, Desiree Delosa, Marr, Nick Wagner, Clint Roper were not subjected to crude and offensive racial harassment, and deny the remaining allegations of Paragraph 95.

96.     That similarly situated non-African American employees, such as Miriam Flores, Desiree Delosa, Marr, Nick Wagner, Clint Roper, were not terminated as a result of making verbal complaints in opposition to unlawful racial harassment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 96.

97. That Defendants Scoobeez and Scoobeez Global condoned race discrimination and failed to maintain a discrimination-free work environment by failing to provide adequate training, counseling, discipline, anti-discrimination policies and instructions to its employees and officers.

**ANSWER:** Defendants deny the allegations contained in Paragraph 97.

98. That the race discrimination to which Plaintiff was subjected to was severe, persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff, and substantially interfered with Plaintiff's ability to perform her job.

**ANSWER:** Defendants deny the allegations contained in Paragraph 98.

99. That said severe, continuous, and persistent discrimination adversely affected the terms and conditions of Plaintiff's employment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 99.

100. That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from race-based harassment and discrimination, and great humiliation which was manifested in physical illness and emotional stress on the relationships between Plaintiff and her friends, family, and colleagues.

**ANSWER:** Defendants deny the allegations contained in Paragraph 100.

101. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, shameful embarrassment among her friends, colleagues, and coworkers,

damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 101.

**COUNT III**
**RETALIATION DIRECTED AT ALL DEFENDANTS**

102.     Plaintiff incorporates the preceding paragraphs herein.

**ANSWER:**     Defendants repeat and incorporate their answers to Paragraphs 1-101 of the Complaint as if fully set forth herein.

103.     That Defendants retaliated against Plaintiff, in violation of Plaintiff's rights pursuant to Title VII, the IHRA, and Section 1981.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 103.

104.     That Plaintiff began her employment with Defendants Scoobeez and Scoobeez Global on approximately September 8, 2016 as the HR/Office Manager in their Chicago office.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 104.

105.     That throughout her employment with Defendants beginning in or about September 8, 2016, Plaintiff performed her assigned duties in a satisfactory manner, consistent with Defendants' standards, and her job performance met Defendants' legitimate expectations.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 105.

106.     That at all relevant times during Plaintiff's employment with Defendants, she was supervised by Chomentowska, Gamble, and Ohanessian

**ANSWER:**     Defendants deny the allegations contained in Paragraph 106.

107.     That on October 25, 2016, a former employee of Defendants, Khanaya Jackson ("Jackson"), physically attacked Plaintiff

**ANSWER:**     Defendants deny the allegations contained in Paragraph 107.

108.     That Plaintiff was physically attacked because she terminated Jackson.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 108.

109.     That during the aforementioned incident, the police were called but no arrests were made.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 109.

110.     That after the aforementioned incident, Plaintiff called Chomentowska to inform her of the altercation.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 110.

111.     That Chomentowska stated, "I wish I could have seen that fight."

**ANSWER:**     Defendants deny the allegations contained in Paragraph 111.

112.     That Plaintiff drafted an incident report of the altercation to submit to Chomentowska and Gamble.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 112.

113.     That to Plaintiffs knowledge and belief, nothing else was said or done about the aforementioned incident.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 113.

114.     That on approximately October 31, 2016, Plaintiff was subjected to unlawful and unwelcome racial harassment by Defendants' employee, Elizabeth Marr.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 114.

115.     That on approximately October 31, 2016, Marr stated to Plaintiff, "Fuck you, you black nigger bitch."

**ANSWER:**     Defendants deny the allegations contained in Paragraph 115.

FPDOCS 34395297.1

116. That Plaintiff verbally complained about this racially offensive comment to Gamble at length.

**ANSWER:** Defendants deny the allegations contained in Paragraph 116.

117. That Gamble stated to Plaintiff she would investigate Marr's racially harassing comment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 117.

118. That Gamble never followed up with Plaintiff.

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 118.

119. That Plaintiff also sent an email to Gamble, Chomentowska, and Ohanessian, informing them of Marr's racially harassing conduct.

**ANSWER:** Defendants deny the allegations contained in Paragraph 119.

120. That on approximately November 6, 2016, Plaintiff met with Marr, Ohanessian, Chomentowska, Nick Wagner, Desiree Delosa, Flores, and Nafia Tader, to discuss the on-going harassment issues within the office

**ANSWER:** Defendants deny the allegations contained in Paragraph 120.

121. That during this meeting, Plaintiff again complained of Marr's harassing behavior.

**ANSWER:** Defendants deny the allegations contained in Paragraph 121.

122. That to Plaintiff's knowledge and belief, no investigation into Marr's racially offensive comment occurred.

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 122.

123. That Plaintiff's complaint constituted her opposition to unlawful racial harassment.

FPDOCS 34395297.1

**ANSWER:** Defendants deny Plaintiff made a complaint regarding a harassing comment and therefore deny the allegations contained in Paragraph 123.

124. That on approximately November 8, 2016, Plaintiff was terminated in a meeting with Chomentowksa, "Ohanessian, and Gamble.

**ANSWER:** Defendants admit the allegations contained in Paragraph 124.

125. That Plaintiff was terminated for allegedly creating a "hostile work environment" based on complaints from the staff.

**ANSWER:** Defendants admit Plaintiff was terminated in part for creating a hostile work environment. Defendants deny the remaining allegations of Paragraph 125.

126. That Plaintiff inferred the staff "complaints" were in reference to the October 25, 2016 incident when she was attacked for terminating a former employee of Defendants.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 and therefore deny same.

127. That other similarly situated employees who did not make a complaint were not terminated.

**ANSWER:** Defendants deny that any individuals were similarly situated to Plaintiff and therefore deny the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128. That Defendants' retaliatory act of termination and Plaintiff's vocal opposition to the racial harassment occurred within such a short period of time so as to raise a strong inference of retaliatory motive.

**ANSWER:** Defendants deny the allegations contained in Paragraph 128.

FPDOCS 34395297.1

129. That Defendants' treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's protected rights under Title VII, the IHRA and Section 1981.

**ANSWER:** Defendants deny the allegations contained in Paragraph 129.

130. That Defendants' conduct amounts to retaliation in violation of Title VII, the IHRA and Section 1981.

**ANSWER:** Defendants deny the allegations contained in Paragraph 130.

131. That as a direct and proximate result of said acts of retaliation, Plaintiff has suffered depression, extreme mental anguish, severe anxiety about her future and ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

**ANSWER:** Defendants deny the allegations contained in Paragraph 131.

## COUNT IV – ASSAULT AND BATTERY
## DIRECTED AT DEFENDAN'S SCOOBEEZ AND SCOOBEEZ GLOBAL

132. Plaintiff incorporates the preceding paragraphs herein.

**ANSWER:** Defendants repeat and incorporate their answers to Paragraphs 1-131 of the Complaint as if fully set forth herein.

133. That while acting within the scope of her employment with Defendants, Jackson subjected Plaintiff to assault and battery.

**ANSWER:** Defendants deny the allegations contained in Paragraph 133

134. That Jackson intended to engage in offensive and physical contacts with Plaintiff's body.

**ANSWER:** Defendants deny the allegations contained in Paragraph 134.

135.    That on October 25, 2016, Plaintiff was directed to terminate Jackson for using Defendants' company van for personal use.

**ANSWER:**    Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint and therefore deny same.

136.    That Plaintiff contacted Jackson to come into the office and sign some paperwork.

**ANSWER:**    Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint and therefore deny same.

137.    That Jackson met with Plaintiff and Miriam Flores ("Flores"), Administrative Assistant, in their shared office.

**ANSWER:**    Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint and therefore deny same.

138.    That Flores began the termination process while Plaintiff stepped out of the office to start the group orientation she was scheduled to present.

**ANSWER:**    Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint and therefore deny same.

139.    That as soon as Plaintiff stepped out, Flores ran out of her office to tell her that Jackson was very angry and acting in a hostile manner.

FPDOCS 34395297.1

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint and therefore deny same.

140. That Plaintiff then went back in to the office and asked Jackson about using Defendants' company van for personal use.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 140 of Plaintiff's First Amended Complaint and therefore deny same.

141. That Jackson, instead, became angrier and denied using Defendants' company van for personal use.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint and therefore deny same.

142. That Jackson began yelling at Plaintiff.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint and therefore deny same.

143. That Jackson then spit on Plaintiff and threw the paperwork and computer off Flores' desk.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint and therefore deny same.

144. That Jackson then launched at Plaintiff.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint and therefore deny same.

145. That Plaintiff was able to grab Jackson and pin her against the wall.

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint and therefore deny same.

146. That as the altercation was happening, Plaintiff asked Defendants' employees for help and to call the police.

**ANSWER:** Defendants admit only the police were called by other employee(s) and deny the remaining allegations contained in Paragraph 146.

147. That Defendants' employees did not intervene. However, one of the group orientation attendees stepped in and broke up the fight

**ANSWER:** Defendants deny the allegations contained in Paragraph 147.

148. That Plaintiff was then able to lock Jackson in her shared office with Flores and told her she would remain in the office until police arrived

**ANSWER:** Defendants admit only Plaintiff locked Jackson in a room. Defendants lack sufficient information or knowledge as to the truth of the remaining allegations contained in Paragraph 148 and therefore deny same.

149. That after the police arrived, a police report was made but there were no arrests.

**ANSWER:** Defendants admit only that there were no arrests. Defendants lack sufficient information or knowledge as to the truth of the remaining allegations contained in Paragraph 149 and therefore deny same.

FPDOCS 34395297.1

150.    That after the aforementioned incident, Plaintiff called Chomentowska to inform her of the altercation

**ANSWER:**    Defendants admit the allegations contained in Paragraph 150.

151.    That in response, Chomentowska stated, "I wish I could have seen that fight."

**ANSWER:**    Defendants deny the allegations contained in Paragraph 151.

152.    That Plaintiff drafted an incident report of the altercation to submit to Chomentowska and Gamble.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 152 and therefore deny same.

153.    That to Plaintiff's knowledge and belief, nothing else was said or done about the aforementioned incident.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 153.

154.    That Defendants failed to exercise reasonable care in the retention and supervision of its employees that resulted in Plaintiff being subjected to assault and battery as a result of one of its employees' behavior and conduct.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 154.

155.    That Plaintiff had a reasonable apprehension that Jackson would make imminent harmful or offensive contact.

**ANSWER:**    Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 155 and therefore deny same.

156.    That each of the aforementioned actions by Jackson was intentional and resulted in contact that was unwelcome and offensive.

FPDOCS 34395297.1

**ANSWER:** Defendants lack sufficient information or knowledge as to the truth of the allegations contained in Paragraph 156 and therefore deny same.

157.    That as a direct and proximate result of said acts, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about her future and ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

**ANSWER:** Defendants deny the allegations contained in Paragraph 157.

158.    That as a further direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer.

**ANSWER:** Defendants deny the allegations contained in Paragraph 158.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies and/or the allegations contained in Plaintiff's First Amended Complaint exceed the scope of the allegations contained in her administrative Charge and, therefore, Plaintiff is precluded from asserting any such claims in this action.

### SECOND DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, Plaintiff's claims and/or damages are barred to the extent she failed to mitigate her alleged damages.

## THIRD DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, Defendants are not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative or concurrent cause, which may not be the result of any act or omission of Defendants.

## FOURTH DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, Plaintiff's claims are barred to the extent that they involve transactions or events or seek damages for periods of time outside the applicable statutory limitations period for filing administrative charges or commencing this lawsuit.

## FIFTH DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided to her or to avoid harm otherwise.

## SIXTH DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, even if any decision concerning Plaintiff was based, in part, on her an impermissible factor, which it was not, Defendants would have reached the same decision in the absence of any impermissible motivating factor.

## SEVENTH DEFENSE

Without prejudice to Defendants' denials and other statements of their pleadings, even if any of Plaintiff's rights were violated by an employee of Defendants, such violation occurred

27

outside the scope of employment and without the consent of Defendants. Defendants neither knew nor had reason to know of any such violation. Defendants did not condone, ratify, or tolerate any such conduct.

**WHEREFORE,** Defendants, having fully answered Plaintiff's First Amended Complaint, prays that the Court enter judgment in their favor, for their costs, for reasonable attorneys' fees, and for such other relief as the Court deems proper.

Respectfully submitted,

**SCOOBEEZ, SCOOBEEZ GLOBAL, INC., JOWITA CHOMENTOWSKA, ELIZABETH MARR, SUSAN OHANSESSIAN, and TRICIA GAMBLE**

By:      */s/ Craig R. Annunziata*
Attorney for Defendant

Craig R. Annunziata
Michael V. Furlong
**FISHER PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 580-7818
Facsimile: (312) 346-3179
cannunziata@fisherphillips.com
mfurlong@fisherphillips.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER PHILLIPS, LLP, certifies that on September 11, 2018, he electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the Court's CM/ECF system, and was served on all counsel or parties of record.

    Uche O. Asonye
    Adrian Jonak
    Asonye & Associates
    100 N. LaSalle St., Suite 2115
    Chicago, Illinois 60602


                               */s/ Craig R. Annunziata*

FPDOCS 34395297.1